**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Frederick Jacob | : | |
| 526 Grace Dr. | : | |
| Marysville, Ohio 43040 | : | Case No. |
| | : | |
| Plaintiff, | : | Judge: |
| | : | |
| v. | : | |
| | : | **COMPLAINT WITH JURY DEMAND** |
| TS Tech USA Corporation | : | **ENDORSED HEREIN** |
| 8400 E. Broad St. | : | |
| Reynoldsburg, Ohio 43080 | : | |
| | : | |
| Defendant. | : | |

1. This is an action for damages arising out of Defendant's violation of Ohio Revised Code §4123.90, and the Americans with Disabilities Act ("ADA") as amended by the ADA Amendments Act 42 U.S.C.A. §12101 et. seq.

2. This court has subject-matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §2617 and pendent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper pursuant to 28 U.S.C. 1391 because the events or omissions giving rise to the claim occurred within a County served by this Court.

**Parties:**

4. Frederick Jacob is an individual residing in Union County, Ohio.

5. Defendant TS Tech USA Corporation is a domestic corporation, licensed and doing business in Franklin County, Ohio.

6. Defendant manufactures seats and interior components for the automobile industry.

**Background Facts:**

7. Jacob was employed by Defendant as the Purchasing Administrator for twenty-six (26) years before he was unlawfully terminated on October 28, 2022.

8. On February 10, 2022, Jacob suffered a work-related head injury.

9. He filed a workers' compensation claim that was approved by the Self-Insured Company.

10. As a result of his injury, his physician placed him off work beginning February 14, 2022.

11. Unfortunately, Jacob's recovery from his injury was delayed due to Defendant's consistent refusal to approve needed medical care and therapy.

12. Throughout his leave, Jacob and his physician have maintained constant contact with Defendant to inform them of Jacob's progress and prognosis.

13. On July 27, 2022, Jacob met with HR Manager Eric Feldmann to discuss his ongoing need for leave of absence.

14. During the meeting, Feldmann and Jacob discussed Jacob's symptoms, his treatment, and the progress of his recovery.

15. Feldmann never advised Jacob that there was an "upper limit" to the amount of medical leave of absence he would be allowed to take.

16. In fact, Feldmann told Jacob not to worry about how long he was off work and that his job would be safe.

17. On October 12, 2022, Jacob's physician opined that he would need to remain on medical leave until February 12, 2023.

18. Jacob transmitted the information to Feldmann on October 13, 2022.

19. Upon presenting the document from his physician, Jacob was requesting ongoing leave of absence as an accommodation for his disability.

20. On or about October 26, 2022, Jacob received a letter from Feldmann.

21. In the letter Feldmann stated that Jacob had exceeded the maximum allowable leave of absence pursuant to Company policy (6 months) and that Jacob had been granted a two-month extension.

22. In addition, Feldmann indicated, "we cannot continue to hold a position for you. Therefore, your employment is being separated effective, October 28, 2022."

23. Finally, Feldmann offered Jacob the opportunity to retire, in lieu of termination.

24. Jacob declined to resign from his employment.

25. On October 27, 2022, Jacob notified Defendant of his intention to pursue his rights under ORC §4123.90 by sending a demand letter.

26. On December 22, 2022, Jacob filed an EEOC charge alleging disability discrimination and retaliation under the ADA.

27. On December 23, 2022, the EEOC issued a Notice of Rights letter giving Jacob the right to pursue his claims in a court of law (Exhibit A).

## COUNT I
## WORKERS' COMPENSATION RETALIATION
## IN VIOLATION OF ORC §4123.90

28. Plaintiff restates and incorporates the foregoing paragraphs as if fully rewritten herein.

29. When Jacob pursued his right to file a workers' compensation claim and receive workers' compensation benefits, he was engaged in protected activity.

30. By terminating Jacob's employment as described above, Defendant retaliated against him in violation of ORC §4123.90.

31. Defendant's stated reason for Plaintiff's termination is pretext for workers' compensation retaliation.

32. Jacob has been damaged by Defendant's retaliatory termination of his employment.

33. Jacob has complied with the jurisdictional prerequisites to this action by providing the Defendant with a notice of intent to pursue his rights under RC §4123.90.

34. Jacob has filed this action within 180 days of the adverse employment action.

### COUNT II
### DISABILITY DISCRIMINATION/FAILURE TO ACCOMMODATE
### IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

35. Jacob restates and incorporates the foregoing paragraphs as if fully rewritten herein.

36. Defendant is an employer as that term is defined by the ADA.

37. Jacob is disabled as that term is defined by the ADA.

38. At all times relevant herein, Jacob was qualified to perform the essential functions of his position with accommodation.

39. Jacob requested leave of absence as a reasonable accommodation for his disability.

40. Leave of absence is a reasonable accommodation where the employee, as here, has provided an estimated return to work date.

41. At all times relevant herein, Jacob maintained contact with Defendant and expressed his intention to return to work.

42. Defendant maintains a maximum leave policy that limits the duration of leaves of absence to six months.

43. Jacob was unaware of Defendant's policy limiting the amount of leave and was not aware that he had been granted a so-called two-month leave extension.

44. Defendant granted Jacob leave for a total of eight months, but thereafter refused to grant additional leave of absence as a reasonable accommodation for his disability.

45. Defendant's maximum leave policy is a per se violation of the ADA.

4

46. Defendant violated the ADA by terminating Jacob pursuant to the maximum leave policy.

47. Defendant violated the ADA by failing to engage in the interactive accommodation process and failing to provide Jacob with reasonable accommodation.

48. Defendant violated the ADA by terminating Jacob because of his disability.

49. Defendant acted with malice and/or reckless indifference to Jacob's protected rights. Therefore, Defendant is liable for punitive damages.

50. As a result of this discrimination, Jacob has suffered lost wages and benefits (past and future), compensatory damages, emotional distress, mental anguish, loss of enjoyment of life, and other damages to be shown at trial.

## COUNT III
## RETALIATION
## IN VIOLATION OF THE ADA

51. Jacob restates and incorporates the foregoing allegations as if fully rewritten herein.

52. Defendant is an employer as that term is defined by the ADA.

53. Jacob is a qualified individual with a disability as that term is defined by the ADA.

54. Jacob requested accommodations that would have allowed him to return to work and perform the essential functions of his position.

55. When he requested accommodations, Jacob was engaged in protected activity as that term is defined by the ADA.

56. Defendant declined to offer Jacob an accommodation that would have allowed him to return to work.

57. Defendant terminated Plaintiff in retaliation for his need for, and request for, accommodation.

58. Defendant acted with malice and/or reckless indifference to Jacob's protected rights. Therefore, Defendant is liable for punitive damages.

5

59. As a result of this discrimination, Jacob has suffered lost wages and benefits (past and future), compensatory damages, emotional distress, mental anguish, loss of enjoyment of life, and other damages to be shown at trial.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully prays that this Court grant him:

a. lost past and future wages and benefits in excess of $75,000;

b. compensatory damages;

c. liquidated damages;

d. an amount in excess of $75,000.00 in compensatory damages for garden variety emotional distress;

e. attorney fees and costs;

f. prejudgment and post judgment interest;

g. such other equitable and further relief as may be just and appropriate.

        Respectfully Submitted,
        */s/Sharon Cason-Adams*
        Sharon Cason-Adams (0067550)
        Agee Clymer Mitchell & Portman
        140 East Town St., Suite 1100
        Columbus, Ohio 43215
        Telephone: 614-221-3318
        Facsimile: 614-221-7308
        scasonadams@ageeclymer.com

## **JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues triable before a jury.

        */s/Sharon Cason-Adams*
        Sharon Cason-Adams